**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **TONY B. RICHARDSON,**           ) | |
| **8206 Steve Drive**              ) | |
| **Forestville, MD 20747**         ) | |
|                                   ) | |
|     **Plaintiff,**  ) | **Case No.** |
|                                   ) | |
|     v.        ) | |
|                                   ) | |
| **LURITA A. DOAN, ADMINISTRATOR** ) | |
| **U.S. GENERAL SERVICES ADMINISTRATION** ) | |
| **1800 F Street, NW**             ) | **Jury Trial Demand** |
| **Washington, D.C. 20405.**       ) | |
|                                   ) | |
|     **Defendant.**  ) | |
| _____ ) | |

**COMPLAINT**

Comes now Plaintiff Tony B. Richardson (Richardson), by and through counsel, and files this Complaint against Defendant Lurita A. Doan , Administrator, U.S. General Services Administration ("Defendant Doan" or "Defendant GSA").

**Jurisdiction and Venue**

1. This Court has jurisdiction over the federal claim in this action pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

**Parties**

3. Plaintiff Tony B. Richardson (hereinafter "Plaintiff" or "Mr. Richardson") is a thirty-nine year old disabled African American male, formerly employed by the U.S. General Services Administration (hereinafter "Defendant" or "GSA").

4. Defendant Lurita A. Doan is the Administrator for GSA.

**Facts**

5. Mr. Richardson was hired at GSA on May 9, 1988 as a Transportation Clerk. Mr. Richardson was diagnosed early in life with Fragile X Syndrome, a learning disability. GSA hired Mr. Richardson, with the knowledge that he was disabled, through a GSA employment initiative especially for hiring disabled individuals. Throughout his tenure, Mr. Richardson had excellent performance reviews and loved his job.

6. In the latter part of 2004 and in early 2005, Mr. Richardson's demeanor changed as he began to suffer from a then undiagnosed illness. He began to use some of his sick leave time to deal with the illness. On April 27, 2005, Mr. Richardson had surgery to remove a brain tumor. Mr. Richardson's mother, Faye Richardson (hereinafter "Mrs. Richardson"), was in constant contact with Plaintiff's supervisors regarding her son's medical condition.

7. On June 9, 2005, Mr. Richardson's immediate supervisor, Carl Crea, mailed a letter addressed to both Mr. Richardson and his mother detailing the exact amount of annual and sick leave Mr. Richardson had remaining. Based upon Mr. Crea's calculations, Mr. Richardson had enough annual and sick leave to stay off from work until July 8, 2005. Mrs. Richardson subsequently asked that Plaintiff be placed on one year Leave Without Pay (LWOP) status beginning on July 9, 2005.

8. The requested one year LWOP, as a reasonable accommodation was denied. In order for Plaintiff to have the required time off to recuperate from his surgery, Mrs. Richardson was required provide GSA with updated "Verification of

Treatment" forms from Plaintiff's physician John J. Lee, MD, which listed an approximate time for Mr. Richardson to return to work. Plaintiff's LWOP was extended based upon the Verification of Treatment forms. Mr. Richardson suffered a series of setbacks during his recuperation period and had to extend his return to work until 2006.

9. On January 26, 2006, Mary C. Bates, GSA Deputy Director of the Audit Division and Mr. Richardson's second-line supervisor, sent a letter (addressed to both Mr. Richardson and his mother) stating that unless Plaintiff returned to work on Friday, February 3, 2006, Plaintiff would be placed in Absence Without Leave (AWOL) status.

10. Mrs. Richardson provided Mary Bates with documentation from Dr. Lee that Plaintiff would be unable to return to work on February 3, 2006. Mr. Richardson was, however, placed in AWOL status on February 3, 2006.

11. On March 29, 2006, Mary Bates sent a letter (addressed to both Mr. Richardson and his mother) stating that Plaintiff was charged with Absence without Leave and that she proposed that Plaintiff be removed from his position.

12. Despite the constant updates from Mrs. Richardson regarding her son's condition and a meeting with Plaintiff's third-line supervisor, Plaintiff was terminated on June 7, 2006.

13. Mrs. Richardson filed discrimination complaints with GSA's Office of Civil Rights, and has exhausted all administrative remedies.

## Violation of The Rehabilitation Act

**29 U.S.C. §791 et seq.**

Plaintiff Richardson adopts by reference each of the allegations in paragraphs one through thirteen above.

14. At all pertinent times, Defendant Doan and the General Services Administration was an employer subject to provisions of Rehabilitation Act.

15. At all pertinent times, Plaintiff Richardson was an employee entitled to protection under the Rehabilitation Act.

16. The Rehabilitation Act prohibits discrimination in employment based on an individual's disability or if the employee is regarded as disabled.

17. In violation of the Rehabilitation Act, Defendant knowingly and intentionally engaged in unlawful discrimination based on Mr. Richardson's disability by: (1) subjecting him to disparate treatment; (2) subjecting Mr. Richardson to a hostile work environment; (3) failing to accommodate Mr. Richardson's disability; and (5) terminating his employment because of his disability or GSA regarded him as disabled. The treatment to which Mr. Richardson was subjected created an embarrassing, intimidating, oppressive, hostile and offensive work environment, which interfered with his emotional well being.

18. Defendant GSA at all relevant times had actual and constructive knowledge of the conduct described above.

19. Defendant had no legitimate business reason for any of such acts.

20. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such

discriminatory practices become known, Mr. Richardson will seek leave of court to amend this complaint in that regard.

WHEREFORE, Plaintiff prays as follows:

A.      That the court enter judgment against the Defendant;

B.      That the court award to Mr. Richardson reinstatement, and damages in the amount of Three Hundred Thousand Dollars ($300,000), including damages in amount equal to all of his accumulated lost wages and benefits, including backpay, frontpay and benefits; compensatory damages for the financial and emotional harm caused by defendants, including prejudgment and post-judgment interest, and punitive damages.

C.      Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.      That the Court award Plaintiff such other relief as to which he may be deemed entitled.

                                              Respectfully submitted,

                                              David A. Branch #438764
                                              Law Offices of David A. Branch, P.C.
                                              1825 Connecticut Avenue, NW #690
                                              Washington, D.C.  20009
                                              (202) 785-2805

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Tony B. Richardson
8200 Steve Drive
Forestville, MD 20747

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Lurita A. Doan, Administrator
U.S. General Services Administration
1800 F Street, NW
Washington, DC 20405

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David A. Branch
Law Offices of David A. Branch
1825 Connecticut Avenue, NW Suite #690
Washington, DC 20009

CASE NUMBER  1:07CV00284
JUDGE: Reggie B. Walton
DECK TYPE: Employment Discrimination
DATE STAMP: 02/7/2007

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ONE FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. § 791 et seq. Violation of the Rehabilitation Act

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ *300,000*   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 2/7/2007   SIGNATURE OF ATTORNEY OF RECORD  *David A. Branch*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.