## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TONY B. RICHARDSON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil Action No.:  07-284 (RBW)** |
| | **)** | |
| **LURITA A. DOAN,** | **)** | |
| **Administrator,** | **)** | |
| **U.S. General Services Administration,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

### DEFENDANT'S ANSWER

Defendant, identified in plaintiff's Complaint as Lurita A. Doan, Administrator, U.S.

General Services Administration, by and through undersigned counsel, hereby answers the

numbered paragraphs of plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

### SECOND DEFENSE

The Complaint is or may be barred by the applicable statute of limitations.

### THIRD DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so

warrant.  Defendant also reserves the right to assert any other matter that constitutes an avoidance

or affirmative defense under Fed. R. Civ. P. 8(c).

### FOURTH DEFENSE

Defendant denies each and every allegation in the Complaint except as may be expressly

and specifically admitted.  Defendant responds to the separately numbered paragraphs and

prayers for relief as follows:

1.  The allegations of this paragraph constitute a legal conclusion on the part of plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.

2.  The allegations of this paragraph constitute a legal conclusion on the part of plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.

3. Admit

4. Admit

5.  Admit first sentence.  Defendant lacks sufficient information to admit or deny the second sentence.  Admit third sentence.  With regard to the fourth sentence, deny that plaintiff had excellent performance reviews as alleged.  Defendant is without sufficient information to admit or deny whether plaintiff loved his job.

6.  Regarding the first sentence, admit that during the described period plaintiff's supervisors noticed weight and hair loss by plaintiff.   Defendant is without sufficient knowledge or information to admit or deny whether plaintiff began to suffer from an undiagnosed illness.  Regarding the second sentence, admit plaintiff began using sick leave.  Defendant is without sufficient knowledge or information to admit or deny that it was taken to deal with the "undiagnosed illness."  Defendant lacks sufficient knowledge or information to admit or deny the third sentence.  Deny fourth sentence.

7.  Admit first sentence.  Regarding the second sentence, admit but also add that he would have to use 5 hours of leave without pay .  Deny third sentence.

8.  Deny first sentence.  Deny second sentence, and affirmatively allege that to continue plaintiff in a Leave Without Pay (LWOP) status, defendant needed documentation indicating that he was unable to return to work and when he would be able to return to work.  Defendant received letters from John Lee, M.D. describing plaintiff's condition, stating plaintiff could not work and stating when he could return to work.  Regarding the third sentence, admit that plaintiff's LWOP was extended based on these letters except for the last dated February 3, 2007.  Defendant lacks sufficient knowledge or information to admit or deny the fourth sentence.

9.  Deny that plaintiff was directed to return to work on February 3, 2006.  Admit and affirmatively allege that plaintiff was informed that if he did not return to work on February 6, 2006 or request and obtain approval for leave, he would be placed in an absence without leave (AWOL) status.

10.  Admit that in a letter dated February 3, 2006, John Lee, M.D. informed defendant that plaintiff could be expected to return to work on approximately June 1, 2006.  Regarding second sentence, admit that plaintiff was placed in an AWOL status on February 6, 2006.

11.  Admit.

12.  Deny that Mrs. Richardson provided constant updates regarding plaintiff's condition.  Admit that after Mrs. Richardson provided plaintiff's reply to his proposed removal, plaintiff was removed from his position and the federal service.

13.  Admit that plaintiff filed one discrimination complaint against defendant.  The remaining allegations of this paragraph contain legal conclusions to which defendant is not required to respond.

14.  Admit.

15. Admit.

16. Admit.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

The remaining paragraphs of the Complaint constitute a prayer for relief to which no answer is required.  To the extent that an answer is deemed required, defendant denies that plaintiff is entitled to any damages or relief whatsoever.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: May 15, 2007.

Respectfully submitted,

___/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236