## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY B. RICHARDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:  07-284 (RBW)** |
| ) | |
| **LURITA A. DOAN,** ) | |
| **Administrator,** ) | |
| **U.S. General Services Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

## LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, provide this report to the Court in accordance with Local Rule 16.3(d).

<u>Statement of the Case</u>

<u>Plaintiff's statement</u>: Mr. Richardson was diagnosed early in life with Fragile X Syndrome, a learning disability. He was hired at GSA on May 9, 1988 as a Transportation Clerk.  In June 2005, he requested a one year leave of absence for major surgery to remove a brain tumor. He had the surgery but suffered relapses over the next year. He was terminated in June 2006 for being absent without leave.  Plaintiff is a former employee of defendant who alleges that defendant unlawfully discriminated against him in violation of 29 U.S.C. 791 et seq. (Rehabilitation Act).  Plaintiff claims that his removal from employment for being on absence without leave status (AWOL) was not justified, and that he is entitled to reinstatement and damages, including attorney's fees.

<u>Defendant's statement</u>:  In 2004 and 2005, plaintiff, a Transportation Clerk with GSA, used a great deal of annual leave, sick leave, and was granted substantial leave without pay by

defendant for the purpose of obtaining treatment for a learning disability. After plaintiff requested an additional three month absence of work in September of 2005, defendant received medical documentation from one of plaintiff's physicians stating that he would be able to return to work in January of 2006. Plaintiff failed to return to work in January 2006, and he did not notify defendant regarding his plans with regard to returning to work. Defendant then instructed plaintiff that if he did not return to work on February 6, 2006, or if he did not obtain approval for additional leave, he would be placed on AWOL status and suffer possible disciplinary action. Plaintiff neither returned to work nor did he provide documentation supporting his continued absence, and defendant placed him on AWOL status. Plaintiff was removed from employment with defendant effective June 6, 2006.

Matters to be addressed under Rule 16.3(c):

1. Dispositive motion: Defendant believes this case may be disposed of by dispositive motion after discovery; plaintiff anticipates filing a response to a dispositive motion.

2. Joinder, amendments, narrowing of issues: No other parties are anticipated. No amendments to the pleadings are anticipated.

3. Magistrate judge: The parties do not agree concerning assignment to a magistrate judge for any purposes.

4. Possibility of Settlement: The parties believe there is a possibility of settlement.

5. Alternative Dispute Resolution:  The parties are of the opinion that the case could benefit from mediation.

6. Motions: Defendant believes this case will be suitable for a summary judgment motion at the close of discovery.  Motions should be filed within forty-five days of the close of discovery.

Oppositions should be filed thirty days thereafter and replies filed within fifteen days of the oppositions.

7.    Initial Disclosures:  The parties agree to dispense with initial disclosures.

8.    Discovery: The parties agree to allow 120 days for discovery.  Neither side anticipates the need for more than seven depositions, 33 interrogatories, and 25 document requests apiece.  No unusual discovery issues are anticipated.

9.    Experts:  The parties anticipate the need for expert witnesses with regard to medical and economic issues.

10.    Class Actions:  N/A.

11.-13.  Trial:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a

trial date be scheduled for 30-60 days after the pretrial conference date.

Respectfully submitted,


_____//_____     _____//_____
DAVID A. BRANCH, D.C. BAR #438764     JEFFREY TAYLOR, D.C. Bar #498610
1825 Connecticut Avenue, NW     United States Attorney
Suite 690     _____//_____
Washington, DC 20009     RUDOLPH CONTRERAS, D.C. Bar #434122
(202)785-2805     Chief, Civil Division

Counsel for Plaintiff


_____//_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
Civil Division
555 4th Street, NW
Room 4218E
Washington, DC 20530
(202) 514-7236

Counsel for Defendant