UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY B. RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>LURITA A. DOAN,<br>    Administrator,<br>    U.S. General Services Administration,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 07-284 (RBW/DAR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made between Plaintiff in the above-captioned case, Tony B. Richardson, and the Defendant, Lurita A. Doan, in her official capacity as Administrator of the United States General Services Administration ("Administrator").

WHEREAS, Plaintiff, Mr. Richardson, has brought suit in the United States District Court for the District of Columbia, Civil Action No. 07-284 (RBW/DAR);

WHEREAS, the Administrator denies any liability to Mr. Richardson in connection with his allegations as raised in this litigation or in any underlying administrative proceeding; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and burden of further litigation;

NOW THEREFORE, Mr. Richardson and the Administrator, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Mr. Tony Richardson

("Plaintiff") and Lurita A. Doan, Administrator, United States General Services Administration ("Defendant") to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon his employment with the Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, and without limitation, this settlement shall include all possible claims for damages, backpay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised, or which could have been raised, in this action.

2. In order to resolve the matters in dispute without further administrative processes, litigation, expense, and delay, Plaintiff and Defendant agree as follows:

    a. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged, or that could have been alleged, in this civil action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against the Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Agreement, under Federal law, Federal or State statutes, or the Constitution of the United States or of a State, in either a Federal

or State Court or administrative forum;

b. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all other actions, charges, complaints, and appeals against the Defendant and his present or former employees or officers that are before this Court, the Equal Employment Opportunity Commission, or any other forum;

c. By signing this Stipulation of Settlement, Plaintiff unconditionally releases the Defendant and her present and former employees, officers, agents, representatives, and all persons acting by, through, or in concert with any of those individuals, either in their official or individual capacities, for any and all liability which has arisen from the occurrences which are the subject matter of Plaintiff's complaint in this matter, or any other pending, existing, or putative cause of action against the Defendant of any sort whatsoever;

d. By signing this Stipulation of Settlement, Plaintiff agrees to execute any and all other documents necessary to implement and effectuate the provisions of this Stipulation of Settlement;

e. Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving rights and claims under various Federal laws, including, but not limited to, the Rehabilitation Act, as amended, 29 U.S.C. § 791, et seq., with respect to his underlying complaint;

f. Plaintiff does not waive any rights or claims that may arise after the date on which this Stipulation of Settlement is signed;

g. In consideration for the promises made herein, the Defendant will pay Plaintiff, as

soon as is administratively practical, the total amount of $25,000.00, which includes but is not limited to any costs, attorney's fees and expenses incurred by Plaintiff and his counsel in connection with this matter. The above amount is inclusive of any back pay to which plaintiff may claim entitlement deriving from retroactive promotions provided as part of this agreement.

h.  Defendant agrees to rescind Plaintiff's removal action dated June 7, 2006. Any and all documentation related to the removal action will be removed from his Official Personnel Folder (OPF).

i.  Defendant agrees to expunge all references to AWOL from Plaintiff's' record from February 6, 2006 to June 7, 2006, inclusive. Plaintiff's status will be changed to a Leave Without Pay (LWOP) status for those periods he previously was charged as AWOL.

j.  Plaintiff agrees to resign from his position of Transportation Clerk with Defendant agency, and Plaintiff's signature on this agreement constitutes his resignation. No separate resignation document is required or contemplated. The resignation will be effective as of the date of his removal, June 7, 2006.

k.  Defendant agrees not to reapply for employment with Defendant agency.

l.  Defendant agrees to waive any and all claims that it has for the Defendant's share of Health Benefits Insurance paid on behalf of Plaintiff in the amount of $655.00.

3.  This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or her officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

4. This Stipulation of Settlement may be used as evidence in a subsequent proceeding in which either of the parties allege a material breach of this Agreement. Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as evidence in a subsequent proceeding in which either of the parties allege a material breach of this agreement. Plaintiff hereby agrees to indemnify and hold Defendant harmless from and against any and all loss, cost, damages or expenses including, without limitation, attorney fees incurred by the Defendant arising out of any breach of this Settlement Agreement by Plaintiff.

5. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation of Settlement to him and he has been provided sufficient time for this purpose.

6. Plaintiff acknowledges that he has entered into this Stipulation of Settlement voluntarily and that the Defendant has not imposed any undue hardship, duress, or coercion in connection with execution of this document.

7. This Stipulation of Settlement entered into by the Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is executed by the Court, unless mutually agreed in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not

set forth in this Agreement. This Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

8. This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other person or entity acting on behalf of, or at the behest of, Plaintiff.

9. Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

10. In case any provision of this Agreement should be held to be contrary to, or invalid under, the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way other provisions thereof, all of which shall continue, nevertheless, in full force and effect; any provision which is held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in a country, state or jurisdiction in which such provision is legal and valid.

11. Any controversy, dispute or claim between the parties arising out of or relating to any of the terms or provisions contained in this Stipulation may be enforced by the United States District Court for the District of Columbia.

12. This agreement is not confidential.

13. The Parties agree that this Stipulation may be executed on facsimile copies, each of which shall be deemed original signatures of the Parties and their counsel.

14. Execution of this stipulation shall constitute a dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and conditions have been fully understood, that an adequate period of time has been afforded to allow for consideration of said terms and conditions, and that an opportunity has been afforded to consult with counsel.

Respectfully submitted,

_____  
TONY RICHARDSON  
Plaintiff

_____  
DAVID A. BRANCH  
D.C. BAR No. 438764  
1825 Connecticut Avenue  
Washington, DC 20009  
(202)462-0361  
Counsel for Plaintiff

_____  
JEFFREY A. TAYLOR  
United States Attorney  
D.C. BAR No. 498610

_____  
RUDOLPH CONTRERAS  
Assistant United States Attorney  
D.C. BAR No. 434122

_____  
ALEXANDER D. SHOAIBI  
Assistant United States Attorney  
D.C. Bar No. 423587  
555 4th St., N.W.  
Washington, D.C. 20530  
(202)514-7236  
Counsel for Defendant

So Ordered this ___ day of _____, 2008.

_____  
UNITED STATES DISTRICT JUDGE